IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 5:13-cv-123-DCB-MTP

TRACEY and KEITH TYLER and
TRUSTMARK NATIONAL BANK                                                              DEFENDANTS

&

TRACEY and KEITH TYLER                                                          COUNTER-PLAINTIFFS

NATIONAL PROPERTY AND CASUALTY
INSURANCE COMPANY                                                                COUNTER-DEFENDANT

## ORDER

THIS MATTER is before the Court on the Motion to Compel [68] filed by Defendants/Counter-Plaintiffs Tracey and Keith Tyler.  Having considered the Motion [68], the Court finds that it should be denied.

On February 7, 2014, the Tylers served their first set of interrogatories and requests for production of documents on Nationwide Property and Casualty Insurance Company ("Nationwide"). *See* Notices [9] [10].  On March 21, 2014, Nationwide responded to the Tylers' first set of interrogatories and requests of production of documents. *See* Notice [17].  On July 7, 2014, the Tylers served their second set of requests for production of documents on Nationwide. *See* Notice [42].  On August 15, 2014, Nationwide responded to the second set of requests for production of documents. *See* Notice [50].

1

According to the Tylers, a number of interrogatories and requests for production[1] can be summarized as follows: "Tell us what you investigated, who you questioned, what the results were and what documents were procured or generated as a result of that investigation." *See* Brief [69] at 9-10.  In response to these discovery requests, Nationwide withheld certain information on the basis of the attorney-client privilege and the work product doctrine because the information concerns the activities of attorneys hired by Nationwide.  On October 16, 2014, the Tylers filed their Motion to Compel, arguing that neither the attorney-client privilege nor the work product doctrine protects the requested information from disclosure.

The Motion to Compel was filed fourteen days after the discovery deadline.[2]  "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." L.U. Civ. R. 7(b)(2)(B).  The Tylers first received Nationwide's discovery responses on March 21, 2014, but waited nearly seven months to file their Motion to Compel.

The Tylers assert that they complied with the Court's Amended Case Management Order [31] which set a motions deadline of October 16, 2014.  The Case Management Order, however, does not supplant the Local Rules, and attorneys practicing before the Court are charged with the responsibility of knowing the Local Rules. *See* Preamble to the Local Rules.  The Tylers had a duty to timely follow-up on discovery requests and timely move to compel when necessary.

---

[1] At issue in this matter are interrogatories 4, 6, 12, 15, and 19 and requests for production of documents 2, 7, 8, 9, 11, 13, 16, 17, and 20.

[2] The Case Management Order originally set September 2, 2014, as the discovery deadline, but the Court granted Nationwide's request to reset the case deadlines (which the Tylers joined) and set a discovery deadline of October 2, 2014. *See* Orders [7] [31]; Response [29].

This Court has previously explained,

> Obviously, problems can arise and the Court should be reasonable in working with the attorneys where necessary.  However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril.  He must not expect the Court to extend discovery and/or the trial date because of the failure of the other party to respond, even if that failure is in bad faith.

*Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) (emphasis added).

The Tylers were aware of the discovery disputes well before the discovery deadline. According to the Tylers, "counsel for the parties had been discussing this issue for some time before the motion was filed." *See* Reply Memorandum [88] at 4.  The discovery deadline has long passed, the trial is just over two months away, and the pretrial conference is scheduled for next month.  All parties were provided extensive time to conduct discovery.

The Tylers have not established good cause for the Court to address over a dozen disputed discovery requests or responses at this late date.  Accordingly, their Motion to Compel should be denied as untimely.

IT IS, THEREFORE, ORDER that the Motion to Compel [68] is DENIED.

SO ORDERED this the 5th day of December, 2014.

s/ Michael T. Parker
United States Magistrate Judge